UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACHARY THAYER,

            Plaintiff,            Case No. 1:17-cv-814

v.                                            Hon. Robert J. Jonker

HOME DEPOT INC.,

            Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a civil action brought by a *pro se* plaintiff, who was allowed to file the present action *in forma pauperis* pursuant to § 1915. Consequently, this action is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that the court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."

    **I.**    **Discussion**

The court reviews a complaint for failure to state a claim on which relief can be granted under § 1915(e)(2) utilizing the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations omitted). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the - defendant - unlawfully - harmed - me accusation." *Id.*, citing *Twombly*, 550 U.S. at 555.

Plaintiff is a resident of California. His filed a letter with the Court, which was docketed as a complaint, stating (in his words):

> 1: While employed at Home Depot Inc at the Portage Crossing location located in the Western District of Michigan I Zachary Thayer was the subject of retaliation and discrimination while employed with the stated employer above. It is my understanding that the Western District has ruling jurisdiction over the matter as the employer as the incident took place on grounds governed by the Western District. The facts of the case are that while employed at Home depot I was denied the use of ear plugs, the rest room or the ability to relocate to a different area of the store while customers and co-workers of the corporations continued to refer to me as a derogatory term. When a meeting of myself and management happened in the shift I was then told by a member of management that I had a STD in front of a female coworker while never sharing / informing / or having that manager know about my personal sexual life as a way to frustrate myself or have me walk off. Because of previous issues in my past the facts of the case is that the manger was trying to get me to walk out or quit as that way I could not transfer as I was looking to transfer bye Dec 18th 2016 to a store here in California where I now reside.
>
> I am asserting a retaliation and discrimination case where I Zachary Thayer was the plaintiff/victim and Home Depot Inc and members of management are the accused.
>
> I am requesting a jury bye my peers and seeking monetary relief due to stress, anxiety and health issues that have been seen even here in the new location of residency. Compl. (ECF No. 1).

The Court should dismiss this complaint for failure to state a cause of action. The court has a duty to read a *pro se* plaintiff's complaint indulgently. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Kent v. Johnson*, 821 F. 2d 1220, 1223-24 (6th Cir. 1987). Here, however, even the most liberal reading of *pro se* plaintiffs' allegations cannot be construed as setting forth a cause of action.

Plaintiff alleged that on unidentified dates, unidentified members of the management, customers and co-workers at the Home Depot store located in Portage, Michigan, retaliated and discriminated against him and referred to him by an unidentified derogatory term. Plaintiff also alleged that the retaliation and discrimination arose from previous unidentified "issues" in his past. Plaintiffs' allegations consist of nothing more than a collection of "unadorned, the - defendant - unlawfully - harmed - me accusation[s]" which are insufficient to state a cause of action. *See Iqbal*, 556 U.S. at 678.

## II. RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be dismissed.


Dated: October 3, 2017         /s/ Ray Kent
                               RAY KENT
                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).